# Order

**Michigan Supreme Court**
**Lansing, Michigan**

March 19, 2008

134865

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

RED RIBBON PROPERTIES, L.L.C.,
      Plaintiff-Appellant,

v

BRIGHTON TOWNSHIP, LIVINGSTON
COUNTY DRAIN COMMISSION,
LIVINGSTON COUNTY ROAD
COMMISSION, LOT 255 GRAND RIVER
LAKE COLONY SUBDIVISION 3,
LOT 256 GRAND RIVER LAKE
COLONY SUBDIVISION 3, LOT 257
GRAND RIVER LAKE COLONY
SUBDIVISION 3, LOT 258 GRAND RIVER
LAKE COLONY SUBDIVISION 3, LOT 259
GRAND RIVER LAKE COLONY
SUBDIVISION 3, LOT 265 GRAND RIVER
LAKE COLONY SUBDIVISION 3, LOT 266
GRAND RIVER LAKE COLONY
SUBDIVISION 3, LOT 267 GRAND RIVER
LAKE COLONY SUBDIVISION 3, RAND
CONSTRUCTION ENG, LADEV #1 LLC,
TITUS & ASSOCIATES, LLC,
SOMMERWOOD CENTER, INC.,
RONALD M. KELLY, BRIAN LAVEY,
and JENNIFER MONASTER,
      Defendants,

and

ADLER ENTERPRISES COMPANY, LLC,
MSM MANAGEMENT, LLC, WANKO
INDUSTRIAL CENTER, LLC,
KRG-CITATION, LLC, SJS DEVELOPMENT
COMPANY, INC., and EDWARD H. AKIN,
      Defendants-Appellees,

and

SC: 134865
COA: 259563
Livingston CC: 02-019264-CH

DEPARTMENT OF TREASURY, LOT 260
GRAND RIVER LAKE COLONY SUBDIVISION
3, DEPARTMENT OF NATURAL RESOURCES,
DEPARTMENT OF TRANSPORTATION,
STEVEN J. LAMANEN, and DIANE M.
LAMANEN,
          Defendants-Appellees.

_____/

      On order of the Court, the application for leave to appeal the June 26, 2007 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REVERSE in part the judgment of the Court of Appeals and we REINSTATE the October 28, 2004 order of the Livingston Circuit Court. We affirm the Court of Appeals ruling that the circuit court had jurisdiction to hear this dispute, but we reverse the appeals court's conclusion that a remand was necessary to consider other provisions of the Land Division Act (LDA) or to reconsider certain defendants' equitable claims. Under Section 227a(1) of the LDA, MCL 560.227a(1), the circuit court properly determined that the whole of the vacated drive in question should be vested in the rightful owners of the adjacent lots "within the subdivision covered by the plat . . ." and that the defendants Adler Enterprises Company, LLC, *et al.*, do not own lots that are covered by the plat in question.



      I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 19, 2008
                                  Clerk

p0312